IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMUEL C. GOSLEE, SR.,     *
           Plaintiff
       vs.     *     CIVIL ACTION NO. JFM-10-3421

FIRST FEDERAL BANK CREDIT UNION     *
JANET RICHARDSON
           Defendants.     *
                                       ***

MEMORANDUM

Plaintiff brings this pro se action against a loan officer and bank located in Georgetown, Kentucky. He claims that the loan officer was to let him know about federal loan approval to purchase 586 acres of land consisting of two homes, an in-ground swimming pool, tennis court, putting greens, 18 fields, training track and both equipment and 103-stall horse barns. In addition, plaintiff references a 198 acre piece of property containing a thoroughbred horse and cattle farm and another 71 acre property with a house and land for cultivating hay. ECF No. 1. He further claims that he was "approved for $16,500,000.00 improved cattle Red Horse and grain farm over 8,0000 acres…" No damages are requested, but on his civil cover sheet, plaintiff states that he wants to know if his loan has been approved. After review, the court shall grant the motion for leave to proceed in forma pauperis.[1] The complaint shall, however, be summarily dismissed.

This court may preliminarily review the complaint allegations before service of process and dismiss them pursuant to 28 U.S.C. § 1915(e) prior to service if satisfied that the complaint has no factual or legal basis and is frivolous on its face. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th

---

[1] The indigency motion shall be granted despite the fanciful and fantastic information contained in the pleading. For example, plaintiff contends that he maintains "over $13 million in coins" in the Bank of Delmarva and has "casino shares in 13 casinos plus…400 Billion from golf bets from Greece golf member of

Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).  As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

    Plaintiff's factual statement of claim is replete with fanciful illusions.  The action has no basis in law and fact and shall be dismissed as frivolous without service of process on defendants.  A separate order shall follow.


Date: ___December 29, 2010___      __/s/_____
                                                      J. Frederick Motz
                                                      United States District Judge

---

U.S.A. golf team for United States.  ECF No. 2 at pg. 3.